IN THE CIRCUIT COURT
FOURTH JUDICIAL CIRCUIT
DUVAL COUNTY, FLORIDA

OCEANSIDE 932 CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation,

CASE NO: 16-2009-CA-007958
DIVISION: CV – F

Plaintiff,

vs.

LANDSOUTH CONSTRUCTION, LLC, a Florida limited liability company, and FISHER & SIMMONS ARCHITECTS, INC., a Florida Corporation,

Defendants.

---

LANDSOUTH CONSTRUCTION, LLC, a Florida limited liability company,

Third Party Plaintiff,

vs.

A.A. PITTMAN AND SONS CONCRETE COMPANY, INC., a Florida corporation, ALL-STATE HEATING AND AIR CONDITIONING, INC., a Florida corporation, BBG CONTRACTING GROUP, INC., a Florida corporation, CHANCEY METAL PRODUCTS, INC., a Florida corporation, LEE & CATES GLASS, INC., a Florida corporation, COASTLINE UTILITY CONTRACTORS, INC., a Florida corporation, DIVISION 7 WATERPROOFING & CONCRETE RESTORATION, INC., a Florida corporation, DPS EXTERIOR COMPANY, a dissolved Florida corporation, FIRST COAST ACRYLIC AND DECKING, INC., a dissolved Florida corporation, POWER SOLUTIONS ELECTRIC, INC., a Florida corporation, SCHINDLER ELEVATOR CORPORATION, a Florida Corporation, SWANSON FIRE PROTECTION, INC., a Florida corporation, SOUTHEAST ERECTORS, INC., a Florida corporation, WINDOR SOUTH, INC., a dissolved Florida corporation, WAYNE AUTOMATIC FIRE SPRINKLERS, INC., a Florida corporation, MARTINEZ MASONRY, INC. a Georgia corporation.

Third Party Defendants.

---

EXHIBIT
A

**SECOND AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, Oceanside 932 Condominium Association, Inc. ("Oceanside"), sues Defendants LandSouth Construction, LLC ("LandSouth"), and Fisher & Simmons Architects, Inc. ("Fisher & Simmons"), and alleges as follows:

**General Allegations**

1. This is an action for breach of warranty under §718.203, Florida Statutes, and negligence seeking damages which exceed $15,000.00, exclusive of interest and costs.

2. Plaintiff is a Florida nonprofit corporation responsible for the administration, operation and management of a condominium known as Oceanside 932, a Condominium (the "Condominium"), which is located at 932 First Street North, Jacksonville Beach, Duval County, Florida 32250 (the "Condominium Property").

3. Plaintiff has the authority to bring this action on behalf of all individual condominium unit owners ("Unit Owner") in the Condominium Property, pursuant to the provisions of Rule 1.221, Florida Rules of Civil Procedure, and §718.111(3), Florida Statutes.

4. Defendant LandSouth is a Georgia limited liability company engaged in the practice of designing and constructing condominium properties, including the Condominium Property, in the State of Florida, is licensed to do business in the State of Florida, and maintains an office in Duval County, Florida.

5. LandSouth was the general contractor for, and was responsible for the construction of, the Condominium Property.

6. Defendant Fisher & Simmons is a Florida corporation engaged in the practice of designing condominium properties, including the Condominium Property, in the State of Florida,

is licensed to do business in the State of Florida, and maintains an office in Duval County, Florida.

7. Fisher & Simmons was the architect for, and was responsible for the design of, the Condominium Property.

8. This action arises out of each Unit Owner's purchase of a Condominium unit at the Condominium Property.

9. Venue and jurisdiction are proper in this Court as the subject property is located in Jacksonville Beach, Duval County, Florida.

10. LandSouth is subject to personal jurisdiction pursuant to §48.193, Florida Statutes.

11. Fisher & Simmons is subject to personal jurisdiction pursuant to §48.193, Florida Statutes.

12. After purported completion of the Condominium Property Plaintiff became aware of numerous construction defects in the Condominium Property.

13. Plaintiff advised LandSouth and Fisher & Simmons of these construction defects in accordance with §558.004, Florida Statutes, by a letter dated October 18, 2007 and supplemental letter dated January 3, 2008. LandSouth and Fisher & Simmons refused or otherwise failed to remedy the defects.

**COUNT I**
(Breach of Implied Warranties of Fitness Action Against LandSouth)

14. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 13 above.

15. Pursuant to §718.203, Florida Statutes, LandSouth granted to Plaintiff implied warranties of fitness as to the work performed and materials supplied. Specifically, LandSouth Granted, among other warranties, a warranty as to the roof and structural components of the Condominium Property.

16. LandSouth failed to construct the Condominium Property so that it is reasonably fit for its intended purpose. Specifically, the roof and structural components of the Condominium Property were constructed in such a manner as to permit water intrusion and all damages resulting therefrom, including mold and the deterioration of wall and window surfaces. Additionally, the elevator system, fire system and balcony railings were improperly installed and present a potentially dangerous condition on the Condominium Property. LandSouth breached its warranties by:

a. Failing to properly construct the Condominium Property with respect to proper waterproofing;

b. Failing to properly construct the Condominium Property with respect to the roofing and access doors to the roof, including but not limited to improper installation of roofing tiles;

c. Failing to properly construct the stairwells, corridors, awnings, elevator lobbies, and flooring, and waterproofing related to same;

d. Failing to properly construct the elevators, the elevator shafts, and elevator control room and waterproofing related to same;

e. Failing to properly construct the garage ceiling and pipes contained therein;

f. Failing to properly install a sump pump on the Condominium Property;

g. Failing to properly install adequate flashing;

h. Failing to properly construct the Condominium Property's balconies and waterproofing related to same;

i. Failing to properly construct the Condominium Property's railings;

j. Failing to properly construct the front entry of the Condominium Property and waterproofing related to same;

k. Failing to properly construct and seal the Condominium Property's exterior envelope;

l. Failing to adequately slope the surface in front of each unit's entryway to promote drainage of standing water; and

m. Failing to properly install the fire alarm system

17. All conditions precedent to the initiation of this action have occurred, been satisfied or been waived.

18. As a direct and proximate result of LandSouth's breach of implied warranties, Plaintiff has suffered damages, including but not limited to the direct costs Plaintiff has and will incur to correct the construction deficiencies, the damages resulting from the construction deficiencies which include water intrusion and damage to the interior of the Condominium Property, loss of use of the Condominium Property, and consultants' costs and fees to investigate the construction deficiencies and propose proper remedial measures.

WHEREFORE, Plaintiff demands judgment for damages against LandSouth, together with interest, costs, and other further relief as this Court deems just and proper.

**COUNT II**
(Negligence Action Against Fisher & Simmons)

19. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 13 above.

20. Fisher & Simmons owed a duty of care to Plaintiff with regard to the performance of the Construction Property consistent with the standard applicable to the performance of professional architectural services.

21. Fisher & Simmons breached its duty by failing to properly design the Condominium Property to prevent water intrusion and all damages resulting therefrom, including mold and the deterioration of wall and window surfaces. Specifically, Fisher & Simmons breached its duty by:

a. Failing to properly design roofing and access doors to the roof;

b. Failing to properly design the stairwells, corridors, awnings, elevator lobbies, and flooring, resulting in water intrusion;

c. Failing to properly design the elevators, the elevator shafts, and elevator control room;

d. Failing to properly design the garage ceiling and pipes contained therein;

e. Failing to properly design adequate flashing;

f. Failing to properly design the Condominium Property's balconies;

g. Failing to properly design the front entry of the Condominium Property;

h. Failing to properly design the Condominium Property's exterior envelope; and

i. Failing to adequately design the slope of the surface in front of each unit's entryway to promote drainage of standing water.

22. As a direct and proximate result of Fisher & Simmons' negligence, Plaintiff has suffered damages including but not limited to the direct costs Plaintiff has and will incur to remedy Fisher & Simmons' negligent designs which led to water intrusion and damage to the interior of the Condominium Property.

WHEREFORE, Plaintiff demands judgment for damages against Fisher & Simmons, together with interest, costs, and other further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

Dated this 21st day of January, 2010.

**HOLLAND & KNIGHT LLP**

By: ______________________________

PETER P. HARGITAI, ESQUIRE
Florida Bar No. 85375
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872
*Attorneys for Oceanside 932 Condominium Association, Inc.*

# 9115033_v1.